IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-183-1 |
| CHRISTOPHER POWELL | : | |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

As alleged in this presumption case, defendant Christoper Powell is a violent, repeat sex trafficker. Last week a federal grand jury returned an indictment against the defendant charging him with one count of conspiracy to commit sex trafficking of a minor, two counts of sex trafficking of a minor, and three counts of sex trafficking. The defendant's crimes in the indictment span over approximately a decade and involve five separate victims, two of whom were minors at the time. Law enforcement has also interviewed approximately eight other women who reported either engaging in commercial sex acts at defendant's direction, or otherwise witnessed the defendant participate in activity consistent with sex trafficking.

As detailed below, the defendant has prior convictions for statutory rape of a minor, assault, and prostitution. Despite this record, he has only served less than two years imprisonment—never facing a sentence like in this case. In this case he is facing a mandatory minimum term of 15 years, up to a maximum life sentence. The weight of the evidence for very serious charges, lengthy period of incarceration upon conviction, prior criminal history, history of violence, and lack of stable employment and a stable residence all demonstrate that release is not appropriate here.

The defendant cannot provide sufficient evidence to overcome the presumption of detention. But even if he could, because he is both (1) a danger to the community, and (2) a risk

of nonappearance, and thus no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community. Accordingly, the government moves pursuant to 18 U.S.C. § 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

**I.     THE FACTS**

In support of this motion, the government makes the following representations and proposed findings of fact:

    **A.     Probable Cause And The Evidence In This Case**

        1.     There is probable cause to believe that the defendant has committed one count of conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594 (Count One); two counts of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2), 1594(a), and 2 (Counts Two and Three) (Count Two included sex trafficking by force, fraud, and coercion and aiding and abetting, and Count Three included attempt); and three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), as charged in the indictment filed on May 2, 2024. These charges create a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community and the appearance of the defendant because Counts Two and Three are offenses under Section 1591 involving a minor victim, and all counts are offenses under Chapter 77 carry a maximum term of imprisonment of life—well over the 20 years required to trigger the presumption. 18 U.S.C. § 3142(e)(3). Accordingly, the burden here is on the defendant to provide sufficient evidence in the first instance to rebut that presumption. Even with the support of family or friends—who may

well not have known the defendant was living a double life by victimizing children and young woman—he cannot rebut that presumption.

        2.        The evidence in this case is strong. To summarize, the defendant, along with his co-conspirator, operated a violent sex-trafficking conspiracy in which numerous women—and at least two minors—were sold to "johns" for commercial sex for the defendant's financial gain. The defendant arranged for commercial sex advertisements (veiled as escorting or a good time) to be publicly posted on websites known for sex trafficking, like backpage.com, communicated with potential customers to coordinate commercial sex acts, transported the victims to various hotels, closely monitored the commercial sex acts performed by the victims, and collected nearly all of the proceeds. More specifically, that strong evidence includes, among other evidence:

        a.        Direct testimony from the victims in this case, other uncharged victims, and other witnesses regarding the defendant's sex trafficking operation. The victims in this case, as well as multiple other witnesses, consistently describe the defendant's pattern of trafficking. The defendant used a variety of means to recruit and lure victims into sex trafficking, with no regard whether a victim was a child or adult. And multiple of the victims describe the defendant performing sex acts on the victims first to "test" them before he began to traffic them. Once recruited, the defendant arranged the commercial sex acts for the victims—often using online advertisement platforms. He would set the prices and set the rules. The defendant would arrange for the location of the commercial sex acts, typically at hotels around the Philadelphia area. Sometimes the defendant would require victims to travel to other places, like New York

City. Some of the victims were trafficked by the defendant at the same time and can corroborate the defendant's operation and the victims' roles in it.

    b.  The victims' accounts are corroborated by electronic evidence, including evidence from multiple social media accounts and cellular phone accounts. Social media includes posts in which the defendant is referred to as a "pimp," messages discussing sex acts in exchange for payment, and sex trafficking recruitment.

    c.  There are also numerous internet "advertisements" for the victims that were posted on the now-defunct website Backpage, which was dedicated to advertising commercial sex activity. The victims confirmed that these advertisements were posted by the defendant or his co-conspirator. During a post-*Miranda* interview following his arrest, the defendant provided his email address—an email address had been used to post hundreds of trafficking-related advertisements on the now-defunct website Backpage, including some for the victims in this indictment.

    3.  Victims reported that violence, other physical abuse, threats, and coercion were critical components of the defendant's trafficking. The defendant frequently threatened violence against the victims, as well as others, and sometimes carried out those threats. For example, Powell has hit multiple victims, broke a victim's bones, and left multiple victims with permanent injuries. He would mark victims with a tattoo. He told multiple people that he carried a gun and hit one of the victims with it. The threats were not limited to the victims, but were also directed against family members of the victims. The victims consistently describe Powell's attempts to control them through fear of physical violence, and generally describe that the most dangerous time to be around him was if you were trying to leave him.

4. The defendant's sex trafficking activity is not just limited to the period charged in the indictment. The defendant's social media account recovered in 2023, showed that he has continued his sex trafficking business after the period of the indictment. Even in the past month, the defendant and his 2016 Maserati were located in or near a known sex "track" and known prostitution "trap house." And on the day of his arrest in this case, the defendant and his car were found outside a hotel near the Philadelphia airport that is known for sex trafficking.

B. **Maximum Penalties**

The defendant faces a total maximum penalty of 15 years' imprisonment to life, and other penalties. In terms of the penalties for the individual charges:

- **Sex trafficking by force, fraud, or coercion:** The maximum possible sentence which may be imposed as to a violation of 18 U.S.C. § 1591(a)(1), (b)(1) is life imprisonment, with a minimum of fifteen years' imprisonment, followed by a term of supervised release of at least five years, with a maximum term of life, a fine not to exceed $250,000, and must include restitution, forfeiture, and a $100 special assessment. An additional $5,000 special assessment must be imposed if the defendant is found to be non-indigent.

- **Sex trafficking of a minor:** The maximum possible sentence which may be imposed as to a violation of 18 U.S.C. § 1591(a)(1), (b)(2), (c) is life imprisonment, with a minimum of ten years' imprisonment, followed by a term of supervised release of at least five years, with a maximum term of life, a fine not to exceed $250,000, and must include restitution, forfeiture, and a $100 special assessment. An additional $5,000 special assessment must be imposed if the defendant is found

to be non-indigent.

- **Conspiracy to Engage in Sex Trafficking of Minors.** The maximum possible sentence which may be imposed as to each violation of 18 U.S.C. § 1594(c) is life imprisonment (there is no mandatory minimum term). Any prison sentence must be followed by a term of supervised release of at least five years, with a maximum term of life. The sentence for each count may further include a fine of up to $250,000, and must include restitution, forfeiture, and a $100 special assessment. A further $5,000 special assessment must be imposed if the defendant is found to be non-indigent.

In convicted of these very serious crimes involving children, the government estimates the defendant's Guidelines sentencing range to be a life sentence.

Particularly when combined with the strong evidence of guilt, the substantial applicable penalties create a strong incentive for the defendant to flee and/or intimidate the victims/witnesses if released pending trial.

C. **Criminal Record**

1. The defendant has the following prior convictions:

| Offense Date | Court Record | Offense | Sentence | Case No. |
|---|---|---|---|---|
| 09/18/2004 | *Pled Guilty,* 07/27/2005 | Statutory Sexual Assault (18 Pa. C.S. § 3122.1) | 11 months, 29 days to 1 Year, 11 months, 29 days | CP-23-CR-0006696-2004 |
| | | Corruption of Minors (18 Pa. C.S. § 6301(a)(1)) | Max 3 years' probation | |

| | | | | |
|---|---|---|---|---|
| 03/04/2005 | *Pled Guilty,* 07/27/2005 | Simple Assault (18 Pa. C.S. § 2701(A) | Max 2 years' probation | CP-23-CR-0002394-2005 |
| 03/16/2013 | *Pled Guilty,* 07/18/2014 | Criminal Conspiracy, Prom Pros-Own House Of Prost/Or/Bus (18 Pa. C.S. § 903)<br><br>Prom Pros-Own House Of Prost/Or/Bus (18 Pa. C.S. § 5902(b)(1)) | 11 ½ - 23 months confinement, 4 years' probation<br><br><br><br>11 ½ - 23 months confinement, 4 years' probation | CP-51-CR-0008397-2013 |
| 12/01/2014 | Pled Guilty, 02/25/2015 | Marijuana Possession—Small Amount | No known further penalty | CP-32-CR-0000393-2015 |

D.   **Lack Of Community Ties/Employment**

The defendant's community and employment ties are not stable.

1.   The defendant uses multiple addresses and travels frequently (often to cities known for increased rates of sex trafficking). It is believed that he has family, but those ties likely are not so strong or stable such that they can prevent the defendant's danger to the community or flight.

2.   The defendant reports he is unemployed for the past three months, but somehow maintained his wealthy lifestyle. His only verified employment in the past is with FedEx.

II.   **CONCLUSION**

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

*/s Kevin Jayne*
_____

KEVIN JAYNE
Assistant United States Attorney

GWENDELYNN BILLS
Trial Attorney, U.S. Department of Justice

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 24-183-1 |
| CHRISTOPHER POWELL | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this         day of May, 2024, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated one count of conspiracy to commit sex trafficking, in violation of 18 U.S.C. § 1594 (Count One); two counts of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), (b)(2)

(Counts Two and Three); and three counts of sex trafficking, in violation of 18 U.S.C. § 1591(a)(1), (b)(1), as charged in the May 2, 2024 federal indictment.

       2.       Each of the substantive forcible sex-trafficking offenses charged against the defendant involves a fifteen-year mandatory minimum term of incarceration if convicted (and a ten-year mandatory minimum term for sex trafficking of a minor without force, fraud, or coercion). All counts have a maximum sentence of life imprisonment. Moreover, each of the charges (including the conspiracy charge) carries with it a rebuttable legal presumption that the defendant shall be detained. *See* 18 U.S.C. § 3142(e)(3)(D), (E).

       2.       The evidence in this case is strong and includes direct testimony of victims, testimony of other witnesses, electronic evidence, Backpage advertisements, and an admission from the defendant to operating the email account that posted the Backpage advertisements.

       3.       The total maximum statutory penalty defendant faces is a lifetime term of imprisonment, as well as mandatory minimum terms of ten and fifteen years. The estimated guidelines range for the charged offenses is a lifetime term of imprisonment. Accordingly, the defendant has a substantial incentive to flee.

       4.       The defendant has a significant criminal history, including a prior history of statutory rape of a minor, assault, and prostitution.

       5.       The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS **ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE LYNNE A. SITARSKI
United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by email on the following defense counsel: Susan Lin. Esquire.

*/s Kevin Jayne*

_____
KEVIN JAYNE
Assistant United States Attorney

Date: May 9, 2024

3